















```
RYC    3/20/03    14:56
3:02-CR-02912   USA V. SHAH
*23*
*CRODET.*
```

ORIGINAL

FILED

MAR 20 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>SYED MUSTAJAB SHAH,<br><br>              Defendant. | Magistrate's Case No. 02CR2912-L<br><br>FINDINGS OF FACT AND<br>ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.) and 18 U.S.C. § 3144, a detention hearing was held on March 7, 2003, to determine whether defendant SYED MUSTAJAB SHAH should be held in custody without bail pending trial and, if convicted, sentencing in the above-captioned matter on the grounds that he is a flight risk and a danger to the community. Assistant United States Attorney Todd W. Robinson appeared on behalf of the United States; Attorney Andrew Nietor appeared on behalf of defendant.

Based on the evidence proffered by the United States and defense counsel, the pretrial services report and the Indictment, the Court concludes that the following facts establish: (1) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant SYED MUSTAJAB SHAH as required; and (2) by clear and convincing evidence that the pretrial release of SYED MUSTAJAB SHAH would pose an unacceptable danger to the community. a danger to the community or others,

I

## FINDINGS OF FACT

A.   NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED
     (21 U.S.C.§§ 846 AND 841(a)(1) )

1.   Defendant is charged by way of Indictment in case number 02cr2912-L with the following offenses. Count 1 -- Conspiracy to Distribute Controlled Substances, to wit, 1 kilogram and more of heroin and 1,000 kilograms and more of hashish, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count 2 -- Conspiracy to Import Controlled Substances, to wit, 1 kilogram and more of heroin and 1,000 kilograms and more of hashish, in violation of 21 U.S.C. §§ 952, 960 and 963. Count 3 -- Attempt and Conspiracy to Provide Material Support to a Terrorist Organization, in violation of 18 U.S.C. §§ 2339B(a)(1) and (d).   Therefore, there exists probable cause to believe defendant committed the offenses charged.

2.   The Controlled Substances offenses charged in this case are offenses for which a maximum term of imprisonment of more than ten years is prescribed in the Controlled Substances Act. See 21 U.S.C. §§ 841(b)(1)(A); 960(b)(1)(A). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearances of defendant and the safety of the community. See 18 U.S.C. § 3142(e). .

B.   WEIGHT OF THE EVIDENCE AGAINST DEFENDANT
     (18 U.S.C.§ 3142(g)(2)

The weight of the evidence against the defendant is strong. As proffered by the Government, the defendant was one of three individuals who negotiated with undercover FBI agents for the sale of large quantities of heroin and hashish, as well as the purchase of several "Stinger" missiles. All of the meetings between the defendant and the undercover agents were audio and video tape recorded.

C.   HISTORY AND CHARACTERISTICS OF DEFENDANT
     (18 U.S.C.§ 3142(g)(3))

*The government proffered and the defendant did not offer contradictory evidence proffered that*

1.   Defendant is a citizen of Pakistan and has no ties to the United States.

2.   Defendant has no record of employment.

3.   Defendant has a prior felony drug conviction in the United Kingdom.

4.   At the time that defendant met with the undercover agents in this case, there was a pending fugitive warrant for defendant's arrest issued by authorities in the United Kingdom.

2                                    02CR2912

II

REASONS FOR DETENTION

A.    There is probable cause to believe that defendant has committed the offenses as charged in the Indictment in case number 02cr2912-L.

B.    Defendant faces a substantial period of time in custody if convicted of the offenses charged in the Indictment.

C.    The weight of the evidence against the defendant is strong.  As proffered by the Government, the defendant was one of three individuals who negotiated with undercover FBI agents for the sale of large quantities of heroin and hashish, as well as the purchase of several "Stinger" missiles, *which defendant said would be used against American airplanes*.  All of the meetings between the defendant and the undercover agents were audio and video tape recorded.

D.    Defendant has shown his willingness to engage in drug trafficking and the purchase of military weapons.  Both of those actions constitute serious crimes and pose a danger to the community.

E.    Defendant waived his right to contest his pretrial detention based upon  risk of flight.  Defendant did not provide the Court with any information to counter the Government's proffer regarding the danger defendant's pretrial release would pose to the community.  Thus, defendant has failed to rebut the presumption that no condition or combination of conditions or pretrial release can be set which will reasonably assure the appearance of defendant at future court proceedings and/or ensure the safety of the community if defendant is released from custody.

III

ORDER

IT IS HEREBY ORDERED that defendant SYED MUSTAJAB SHAH be detained without bail pending trial and, if convicted, sentencing in these matters.

IT IS FURTHER ORDERED that defendant SYED MUSTAJAB SHAH be committed to the custody of the Attorney General (Bureau of Prisons) or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  Defendant SYED MUSTAJAB SHAH shall be afforded reasonable opportunity for private consultation with counsel.

3                                                02CR2912

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the detention facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: _____

_____
HON. LEO S. PAPAS
United States Magistrate Judge
Southern District of California

Prepared by:

_____
TODD W. ROBINSON
Assistant U.S. Attorney

4

02CR2912